Tueley, J.
delivered the opinion of the court.
At the April term, 1845, of the county court of Obion, the justices of the court made an order, establishing the rates of county tax for the year 1845 for said county, and among other things assessed three cents on each hundred dollars worth of taxable property, for the purpose of building a public jail, against which assessment George W. Marr, in open court, pretested, and assigned as reasons therefor, that more money had been already assessed for building a jail, than was necessary for that purpose; and that he and the inhabitants of the county were aggrieved by the assessment. The justices overruled the objections and let the assessment stand, from all which Marr appealed to the circuit court.
Upon the hearing in the circuit court, the judge considered that the judgment of the county court should be reversed, and the *638 justices of the county of Obion should pay the cost, and a writ of error is thereupon prosecuted to this court.
We do not design, nor is it necessary, that we should enter into an investigation of the l’ight and powers of the justices of the counties of this state to assess taxes upon taxable property for county purposes; the power so to do is expressly given, and the circuit court has no authority to control the justices of the counties in the exercise of this power by annulling the assessment made by them, upon appeal taken by a citizen of the county from such assessment. The assessment is not a decree or decision of the county court from which an appeal is given by the act of 1844, chap. 99, but is a municipal provision made for the regulation of the fiscal affairs of the county, and from which no appeal is given. If the assessment be made by the justices without, or in violation of authority, it is a void act, and the collector would not be protected by it in levying the taxes, and would be liable to an action for so doing. Such is the case of Marr vs. Enlow, 1st Yerg. 452, which has been cited as authority in the present case. That was an action of trover, brought against the collector for a sack of coffee which he had seized for the purpose of enforcing the collection of a tax which was held to have been illegally assessed by the county court of Obion, and it was held that the action would lie.
It would be intolerable if a county court could be har-rassed by every individual of the county, who might be dissatisfied whenever an assessment of taxes was made for county purposes, and compelled to litigate their power to levy in the county court: but this case is even worse than that; it involves the question as to whether the discretion of the court as to the amount to be levied shall be controlled by the circuit judge. Now surely the justices of the county court can tell how much money is necessary for county purposes, better than the circuit judge; they have been vested with discretion upon the subject *639 and there is no revision given to the circuit judge. The protection by action against the collector for illegal levies, is sufficient. Judgment of the circuit court reversed and the appeal from the county court dismissed.